```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                         NORTHERN DIVISION
```

RALPH RUSSELL MARTIN,              :

    Plaintiff,                     :

vs.                                :     CIVIL ACTION 05-0069-WS-B

DALLAS COUNTY PROBATE COURT,       :
et al.,
                                   :

    Defendants.

## ORDER

    Plaintiff, proceeding pro se, filed a complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees on June 29, 2004 (Docs. 1 & 2).  The Complaint was not on the Court's required form and was not legible.  It contained vague and conclusory allegations, and did not comply Rule 8(a) of the Federal Rules of Civil Procedure.  Furthermore, Plaintiff's motion to proceed in forma pauperis did not provide the Court with the information necessary to determine who Plaintiff provides for life basic necessities.  Accordingly, in an Order dated March 3, 2005, Plaintiff was directed to refile, by March 31, 2005, his complaint on the Court's 42 U.S.C. § 1983 form and to pay the $150.00 filing fee or to file a new motion to proceed without prepayment of fees, in which he addressed the deficiencies highlighted in the Court's Order (Doc. 3). Plaintiff was advised if he did not comply with the Court's

Order within the prescribed time, his action would be dismissed without prejudice for failure to prosecute and to obey the Court's order.

On March 3, 2005, Plaintiff filed a revised motion to proceed without prepayment of fees; however, Plaintiff did not file a new complaint or offer any explanation for his failure to do so. (Doc. 4).  Furthermore, Plaintiff's revised motion to proceed without prepayment of fees did not correct the deficiencies noted in the Court's Order.  The new motion still does not provide information regarding income available to Plaintiff.  While Plaintiff asserts that he is self-employed, the revised motion does not indicate the type of work in which Plaintiff is engaged, or more importantly, it does not provide any information regarding income Plaintiff is generating in connection with his self-employment.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte*

an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), *cert. denied,* Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction).

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this **15th** day of **July, 2005**.

S/ SONJA F. BIVINS<br>UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

```
                              S/ SONJA F. BIVINS
                              UNITED STATES MAGISTRATE JUDGE
```